IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHANDRA STRAW,

    Plaintiff,

vs.                                        CASE NO. 5:11-cv-102/RS-CJK

AQUATIC ADVENTURES
MANAGEMENT GROUP, INC.,
d/b/a AQUATIC ADVENTURES,
a Florida Corporation,

    Defendant.
_____/

## ORDER

Before me are Defendant's Motion for Summary Judgment (Doc. 21) and Plaintiff's Response in Opposition (Doc. 25).

Plaintiff rented a jet-ski from Defendant on September 23, 2010, and went on a guided tour around the waters of Panama City Beach. (Doc. 1, p.1). During the tour, Plaintiff was thrown from the jet-ski, temporarily knocked unconscious and sustained injuries. *Id*. at 2. Plaintiff brings this three count complaint alleging negligence, violation of statutory duties, and vicarious liability.

## Standard of Review

Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). In other words, the basic issue before the court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512 (1986). The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). Thus, if reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment. *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (*citing Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)). However, a mere 'scintilla' of evidence supporting the nonmoving party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party. *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (*citing Anderson*, 477 U.S. at 251).

Analysis

**Waiver**

Defendant claims that that summary judgment is appropriate where, as here, Plaintiff signed a waiver prior to renting the jet-ski. Plaintiff contends that the waiver is invalid because Plaintiff committed negligence per se by violating Florida statute and that it was not a knowing and intelligent waiver.

Waivers which relieve a party of liability for their own negligence are generally looked upon with disfavor. However, the general rule is that they are valid and enforceable where the intention is made clear and unequivocal. *L. Luria & Son, Inc. v. Alarmtec Int'l Corp.*, 384 So. 2d 947, 948 (Fla. 4th DCA. 1980).

Plaintiff acknowledges that she signed the waiver. (Doc. 26, ¶8). The waiver, which was entitled "ASSUMPTION AND ACKNOWLEDGEMENT OF RISKS AND RELEASE OF LIABILITY AGREEMENT," purports to "release [Defendant] . . . FROM ANY AND ALL LIABILITY OF ANY NATURE FOR ANY AND ALL INJURY . . . EVEN IF CAUSED BY THE NEGLIGENCE OF [Defendant or its agents]." (Doc. 22, Attach. 2) (capitalization original). The waiver also required the Plaintiff to acknowledge certain risks of participating in water sports. "ACKNOWLEDGEMENT OF RISKS; . . . (1) changing water flow, tides, currents, waive action and ships wakes; (2) Collision with . . . other participants, the watercraft, other watercraft, and manmade or natural objects; (3) Wind Shear, inclement weather, lightning, variances and extreme wind, weather and temperature; (4) My sense of balance, physical coordination, ability to operate equipment . . . (5) Collision, capsizing . . . and other hazard which result in wetness, injury . . .; (7) Equipment failure or operator error . . . ." *Id*. Finally, the waiver

purports to demonstrate that Plaintiff "agree[d] to assume responsibility for all the risks of the activity, whether identified or not (EVEN THOSE ARISING OUT OF THE NEGLIGENCE OF THE [Defendant]). *Id*.

When viewed as a whole, this waiver is presumptively valid. *See Theis v. J & J Racing Promotions*, 571 So. 2d 92 (Fla. 2d DCA. 1990) (finding waiver signed by participant in car race valid to exclude liability for all forms of negligence, simple or gross); *Banfield v. Louis*, 589 So. 2d 441, 443 (Fla. 4th DCA. 1991) (finding waiver signed by triathlon participant valid to exclude all liabilities). The waiver is clear and specifically advised Plaintiff of the dangers associated with jet-ski operation and released defendant from "all liability." *Cf. Hinely v. Fla. Motorcycle Training, Inc*., 2011 Fla. App. LEXIS 6757, *6 (Fla. 1st DCA. May 13, 2011) (citation omitted) ("[A] provision in a contract is ambiguous when it is of uncertain meaning, and thus may be fairly understood in more ways than one."). The term "all liability" is broad and encompasses Defendant's negligence. *Id*. (noting that the plain meaning of the waiver's terms govern).

Plaintiff argues that the release is invalid because defendant "recklessly deviated from the standard dolphin tour and its own safety standards." (Doc. 25, p.15). This argument is unpersuasive. The allegation that Defendant took her on a "high speed tour in the open ocean" rather than the "tranquil, family oriented dolphin tour [in St. Andrew's Bay] that she signed up for" is the type of negligence covered by the waiver. It does not arise to willful misbehavior or extreme recklessness which would make the waiver invalid. *See Theis* 571 So. 2d at 93 (finding waiver of gross negligence valid).

**Negligence per se**

A waiver may be invalid where a plaintiff is injured by defendant's negligence per se. *Torres v. Offshore Professional Tour*, 629 So. 2d 192, 193 (Fla. 3d DCA. 1993). Negligence per se requires (1) a violation of a specific statute which (2) is enacted to prevent a particular injury to (3) a particular class of persons. *deJesus v. Seaboard C. L. R. Co.*, 281 So. 2d 198, 201 (Fla. 1973). In *Torres*, the defendant's failure to secure permits for a boat race in violation of Florida statute precluded the granting of summary judgment. Here, Plaintiff contends that Defendant violated Florida boating law and that these violations make the waiver invalid. (Doc. 25, p.6).

Section § 327.54(e)(1) of Florida Statute requires that:

> "A livery may not knowingly lease, hire, or rent a vessel to any person . . . unless the livery provides prerental or preride instruction that includes, but need not be limited to:
>   1. Operational characteristics of the vessel to be rented.
>   2. Safe vessel operation and vessel right-of-way.
>   3. The responsibility of the vessel operator for the safe and proper operation of the vessel.
>   4. Local characteristics of the waterway where the vessel will be operated."

A violation of chapter 327 constitutes negligence per se. *See Torres*, 629 So. 2d 192. Defendant contends that they complied with the statute by, among other things, having Plaintiff review and sign the "PWC Renter Orientation Checklist." Plaintiff acknowledges that she signed and initialed the checklist. (Doc. 25, p. 9). The checklist (Doc. 22, Attach. 2) contains fifteen individual boxes that appear to be initialed by Plaintiff. The checklist covers a variety of subjects including detailed instruction for "protective clothing and equipment," three items for "PWC controls," and three items on "Avoid[ing] Collisions." The final checklist item asks whether the initialor has any questions about the PWC or its operation. *Id*.

Plaintiff contends that this checklist, without more, does not satisfy Section 327.54's "prerental or preride instruction" requirement. Neither party has cited a case which defines what does and does not constitute "providing instruction." Without resorting to a battle of the dictionaries, it is possible that an informative checklist may meet this requirement. After all, the statute does not call for live instruction or an interactive presentation. This unresolved issue makes summary judgment inappropriate.

Likewise, Plaintiff's arguments concerning FLA. STAT. § 327.30 make questions of negligence per se one for trial. This Section requires the operator of a vessel to give notice of a "personal injury requiring medical treatment beyond first aid" by "the quickest means available." It also requires the operator to render assistance as is "practicable and necessary." Whether the terms of this statute have been complied with has not been established either way.

**A private cause of action**

Plaintiff alleges that chapter 327 violations are a basis for recovery. (Doc. 1, Count II). Fla. Stat. 327.54(6) provides that a violation of that section is a misdemeanor. It does not explicitly provide for a private cause of action. Courts generally look to the legislative intent of a statute to determine whether a private cause of action should be judicially inferred. *Murthy v. N. Sinha Corp.*, 644 So. 2d 983, 985 (Fla. 1994) (citation omitted). "In general, a statute that does not purport to establish civil liability but merely makes provision to secure the safety or welfare of the public as an entity, will not be construed as establishing a civil liability." *Id.*

While Defendant has not raised this issue, I find it sufficiently concerning to point it out. I am dubious that chapter 327 is an independent source of recovery.

## Conclusion

Plaintiff's allegations are sufficient to raise triable issues. While the waiver is presumptively valid, the concerns of negligence per se make its enforceability a question of fact. The Motion for Summary Judgment (Doc. 21) is **DENIED**.

**ORDERED** on October 20, 2011.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**