IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHANDRA STRAW,

    Plaintiff,

vs.                            CASE NO. 5:11-cv-102/RS-CJK

AQUATIC ADVENTURES
MANAGEMENT GROUP, INC.,
d/b/a AQUATIC ADVENTURES,
a Florida Corporation,

    Defendant.
_____/

## ORDER

Before me are Defendant's Motion to Strike (Doc. 31) and Plaintiff's Response in Opposition (Doc. 33). Defendant claims that the testimony of Dr. Laxman Kewalramani, one of Plaintiff's treating physicians, should be stricken for failure to comply with Fed. R. Civ. P. 26(a)(2).

The initial scheduling order required Plaintiff to disclose expert testimony as required by Fed. R. Civ. P. 26(a)(2) on or before July 7, 2011. (*See* Doc. 7, p.3). However, as Plaintiff correctly argues, "treating physicians are not treated as experts to the extent their testimony is based on observations during the course of the treatment unless their testimony was acquired or developed in anticipation of litigation or trial." *Phillips v. Am. Honda Motor Co.*, 438 F. Supp.

2d 1328, 1330 (S.D. Ala. 2006).  *See also Foltz v. City of Largo*, 2011 U.S. Dist. LEXIS 114443 (M.D. Fla. 2011).  However, as fact witnesses, their opinions must be based on facts of which they have personal knowledge.  In addition, testimony regarding causation will not be allowed unless the determination of causation was necessary for treatment and their opinions are helpful to a clear understanding of the witnesses' testimony.  *United States v. Henderson*, 409 F.3d 1293, 1300 (11th Cir. Fla. 2005).

Here, Plaintiff disclosed Dr. Kewalramani as an expert.  (Doc. 31, Attach. 1, ¶8).  Plaintiff claims that Dr. Kewalramani was not required to file an expert report and relies on an incomplete quotation from a Middle District case.  The complete rule is as follows:

> Because a treating physician considers not only the plaintiff's diagnosis and prognosis, opinions as to the cause of injuries do not require a written report if based on the examination and treatment of the patient. Testimony as to causation of an injury is not "expert testimony" that requires expert disclosure under Rule 26. . . .
> Instead, the relevant question is whether the treating physician acquired his opinions as to the cause of injuries directly through treatment. If so, the treating physician need not file a written report. If the treating physician testifies on information gathered outside of the course of treatment and the party does not file a Rule 26(a) (2) (B) report as to that testimony, it may be excluded.
>
> *Baratta v. City of Largo*, 2003 U.S. Dist. LEXIS 27628, 6-7 (M.D. Fla. 2003) (punctuation altered and citations omitted).

Here, the dispute concerns medical information that was provided to Dr. Kewalramani near the discovery deadline and after the discovery deadline.  Plaintiff visited Dr. Kewalramani in May, June, and July 2011 and continues treatment.  However, the close temporal proximity to the discovery deadline and to the videotaped deposition indicates that the information was provided not for diagnosis and treatment, but in preparation for litigation.

Those portions of Dr. Kewalramani's testimony which rely on information outside the course of treatment will be stricken including those records provided after the discovery deadline. Dr. Kewalramani may otherwise testify to causation. Plaintiff's Motion to Strike (Doc. 31) is **GRANTED** to that extent.

**ORDERED** on December 7, 2011.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**